IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **OCTAVIANO OMAR ROMERO DIAZ,** § | | |
|     Petitioner, § | | |
| § | | |
| v. § | EP-26-CV-00046-DB | |
| § | | |
| **KRISTI NOEM,** *Secretary, U.S.* § | | |
| *Department of Homeland Security, et al.*, § | | |
|     Respondents. § | | |

### ORDER

On this day, the Court considered the above-captioned case. On January 13, 2026, Petitioner Octaviano Omar Romero Diaz filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at El Paso Camp East Montana in the Western District of Texas. ECF No. 1 at 9. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 75–77. Petitioner entered the United States in April 2021 as an unaccompanied minor at the age of thirteen. *Id.* at 16. Petitioner was living in Florida. *Id.* at 73. On September 1, 2025, Petitioner was involved in a car accident and subsequently detained by Immigration and Customs Enforcement. *Id.* at 17. On December 11, 2025, Petitioner's request for bond was denied on grounds that the immigration court did not have jurisdiction pursuant to *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025) because Petitioner was considered an applicant for admission subject to mandatory detention pursuant to Section 235(b)(2)(a) of the Immigration and Nationality Act. ECF No. 1 at 18. Petitioner is not a flight risk or a danger to anyone. *Id.* at 67.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 4. Nonetheless, this Court afforded

Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." ECF No. 3 at 1–2.

Respondents filed a response on January 16, 2026, ECF No. 5. In their response, Respondents "acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions." ECF No. 5 at 2. Respondents disagree with those decisions but ask this Court to incorporate the arguments raised in prior cases[1] for purposes of preserving their rights to appeal. *Id*. Respondents acknowledge that "[s]hould the Court apply the same reasoning it did in those cases to this one, the legal principles espoused in those cases would likely result in the same outcome here." *Id.* at 4. The Court hereby incorporates by reference Respondent's legal arguments in previous cases and understands it is Respondents' right to preserve their arguments for appeal. However, because no new legal arguments were raised and the facts of this case were not distinguished, the same result is warranted in this case.

---

[1] *Navarro v. Bondi et. al*, No. 5:25CV1468-FB (W.D. Tex. Dec. 2, 2025); *Moradi v. Thompson et al*, No.5:25CV1470-OLG (W.D. Tex. Dec. 18, 2025); *Reyes v. Thomspon et al*, No.5:25CV1590-XR (W.D. Tex. Dec. 12, 2025); *Acosta-Balderas v. Bondi et al*, No.5:25CV1629-JKP (W.D. Tex. Dec. 11, 2025); *Tisighe v. De Anda-Ybarra et al*, 3:25CR593-KC (W.D. Tex. Dec. 5, 2025); *Chauhan v. Noem et al*, 3:25CV574-DB (W.D. Tex. Dec. 8, 2025); *Gvedashvili v. Mooneyham et al*, 6:25CV552-ADA-DTG (W.D. Tex. Dec. 22, 2025).

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED**, Petitioner Octaviano Omar Romero Diaz filed a "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than January 20, 2026.**

**IT IS FURTHER ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than January 19, 2026**.

**IT IS FURTHER ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than January 23, 2026.**

**IT IS FINALLY ORDERED** Petitioner Octaviano Omar Romero Diaz's "Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction," ECF No. 3, is **DENIED AS MOOT.**

**SIGNED** this **16th** day of **January 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE